UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO A. ALMANZAR,

                Plaintiff,

-against-

ZAM REALTY MANAGENT CO. LLC;
DEPARTMENT OF LABOR,

                Defendants.

1:23-CV-8301 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Pedro A. Almanzar, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. The Court understands Plaintiff's complaint as naming the following entities as defendants: (1) Zam Realty Management Co., LLC ("Zam Realty"); and (2) the New York State Department of Labor ("DOL"). Plaintiff seeks "to receive [his] benefits according to the law[,] the [b]enefits [he is] entitled to[] for the years 2008 [and] 2009." (ECF 1, at 6.)

    By order dated October 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

This *pro se* civil action is not the first civil action that Plaintiff has brought against Zam Realty. Because his previous action has relevance to the present action, the Court will recount Plaintiff's pertinent litigation history with respect to his previous action before recounting his allegations in his present complaint.

A.   *Almanzar v. Zam Realty Mgmt. Co., LLC*, No. 11-CV-1168 (DLC) (S.D.N.Y.)

On February 14, 2011, Plaintiff brought a *pro se* civil action against Zam Realty in this court. *See Almanzar v. Zam Realty Mgmt. Co., LLC*, No. 11-CV-1168 (DLC) (S.D.N.Y.) ("*Almanzar I*"). That action was eventually assigned to District Judge Denise L. Cote of this court. On July 23, 2011, Plaintiff filed a second amended complaint (on a complaint form distributed by this court) in which he asserted claims of employment discrimination against Zam Realty under only the New York State Human Rights Law. (ECF 1:11-CV-1168, 12.) On September 19, 2011, Zam Realty filed a motion to dismiss. In an opinion and order dated November 22, 2011, Judge Cote granted that motion to dismiss, and dismissed *Almanzar I* for lack of subject matter jurisdiction. *Almanzar v. Zam Realty Mgmt. Co., LLC*, No. 11-CV-1168, 2011 WL 5865259 (S.D.N.Y. Nov. 22, 2011).

In her opinion and order, Judge Cote noted that Plaintiff's claims arose from his allegations that, on April 21, 2008, Zam Realty fired him from his position as a building superintendent. *Id.* at *1. She also noted that Plaintiff alleged that, following his firing, he applied for unemployment benefits, "but Zam [Realty] prevented him from receiving those benefits because it alleged that he was fired due to misconduct." *Id.* Judge Cote then recounted

2

Plaintiff's unsuccessful efforts to seek those benefits through administrative remedies (a proceeding before an Administrative Law Judge ("ALJ"), and then a proceeding before the Unemployment Insurance Appeals Board ("UIAB")), as well as the affirmance of the ALJ's and the UIAB's denial of those benefits by the New York Supreme Court, Appellate Division, Third Department. *Id.* (citing *In re: Almanzar*, 65 A.D.3d 1418 (3rd Dep't 2009)).

Judge Cote ruled that there was no diversity jurisdiction in *Almanzar I*, as both parties were alleged to be citizens of New York. *Id.* at *2. She also ruled that Plaintiff had not alleged a claim under the court's federal question jurisdiction. *Id.*

Judge Cote further ruled, however, that even if Plaintiff's second amended complaint "was construed liberally to include a . . . claim [under Title VII of the Civil Rights Act of 1964], and therefore to raise a federal question, [the court] would still lack subject matter jurisdiction due to the *Rooker-Feldman* doctrine." *Id.* She explicitly held that:

> [a]lthough he does not specifically allege that his injuries are caused by a state court judgment, [Plaintiff's] denial of unemployment benefits stems from an unfavorable ruling by the Appellate Division. The [second amended complaint] asks this [c]ourt to have his "unemployment benefits returned to [him]." This request necessarily implicates review of the state administrative and judicial findings, which culminated in a judgment of the Appellate Division. This judgment was entered more than a year before he filed this action. Thus, the *Rooker-Feldman* doctrine also deprives this [c]ourt of subject matter jurisdiction over [Plaintiff's] claim.

*Id.* at *3 (footnote omitted).

Plaintiff appealed. On October 11, 2016, the United States Court of Appeals for the Second Circuit dismissed the appeal, effective November 1, 2016. *Almanzar v. Zam Realty Mgmt. Co.*, No. 16-3158 (2d Cir. Oct. 11, 2016).

**B.     The present complaint**

In the present complaint, Plaintiff invokes the court's federal question jurisdiction and asserts that the federal constitutional or federal statutory bases for his claims are "discrimination

3

for [his] age." (ECF 1, at 2.) He sues Zam Realty and the DOL, and alleges that the events that are the bases for his claims occurred between 2008 and 2009. (*Id.* at 5.) Plaintiff alleges that during 2008 and 2009, he "was denied [his] unemployment services. [He] was entitled to [his] benefits." (*Id.*)

Plaintiff states the following in the relief section of his complaint: "[He] want[s] to receive [his] benefits according to the law][,] the [b]enefits [he is] entitled to[] for the years 2008 [and] 2009." (*Id.* at 6.)

Plaintiff has attached to his complaint a form for the DOL in which a claimant may request a hearing with regard to his application for unemployment benefits. (*Id.* at 8.) Plaintiff completed the form and, in doing so, mentioned Zam Realty as his former employer, and signed the form on September 15, 2023. (*Id.*) In the form, he states that he "would like to request a [h]earing, because [he] claimed benefits during the years 2008-2009 and [he] never received [his] benefits." (*Id.*)

## DISCUSSION

### A.     Claims against the DOL

The Court understands Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law, against the DOL. The Court must dismiss those claims under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This

4

immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). It also precludes a plaintiff from seeking, in federal court, relief under state law against a State or one its agencies. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002); *Halderman*, 465 U.S. at 120-21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("Although the text of the [Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (internal quotation marks and citation omitted)); *see also Bertoldi v. State*, 275 A.D. 2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions."); *MacGilfrey v. Pugh*, 217 A.D.2d 888, 889 (3rd Dep't 1995) (noting that judicial review of an UIAB decision via the Appellate Division, Third Department, is "the exclusive review procedure" that was "contemplated by the [New York State] Legislature," under N.Y. Labor Law § 624, with respect to "direct appeals . . . when claimants are aggrieved after a decision of the" UIAB).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Bertoldi*, 275 A.D. 2d at 228; *MacGilfrey*, 217 A.D.2d at 889. The DOL is an agency of the State of New York; it is, thus, an arm of that State and enjoys Eleventh Amendment immunity. *See, e.g., Hardy v. N.Y.S. Dep't of Labor*, No. 1:19-CV-5291,

2019 WL 5693506, at *2 (S.D.N.Y. Nov. 1, 2019). As to any claims under state law that Plaintiff asserts against the DOL, this Court lacks jurisdiction to consider those claims, as they may only be considered by the appropriate state courts. *Gollomp*, 568 F.3d at 357 n.2; *Bertoldi*, 275 A.D. 2d at 228; *MacGilfrey*, 217 A.D.2d at 889.

Accordingly, the Court dismisses Plaintiff's claims against the DOL under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and because Plaintiff appears to seek monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B.      Claims against Zam Realty**

Plaintiff purports to assert claims of age discrimination against his former employer, Zam Realty. He does not, however, allege any facts mentioning anything that could be understood to be an instance of age discrimination on the part of his former employer. Granting Plaintiff's complaint the liberal interpretation that it is due, it appears, rather, that his claims against Zam Realty actually challenge the Appellate Division's decision determining that he is not entitled to unemployment benefits. To the extent that Plaintiff asks this Court to overturn such a final order or judgment issued by the Appellate Division in 2009, just as determined by Judge Cote in *Almanzar I*, the *Rooker-Feldman* doctrine requires the dismissal of those claims. Under this doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district courts' federal question jurisdiction,] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments. . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (the *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases" (citing 28 U.S.C. § 1257))); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)." (citation omitted)). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291. As Plaintiff is aware from *Almanzar I*, this includes when a litigant seeks relief that invites a federal district court to reject or overturn a final decision of the Appellate Division, Third Department, with regard to its judicial review of an administrative decision to deny unemployment benefits. *Almanzar*, 2011 WL 5865259, at *2-3; *see also Gyadu v. Unemployment Comp.*, 173 F.3d 844 (2d Cir. 1999) (unpublished summary order) ("A judge of the Connecticut Superior Court specifically found that Gyadu did not satisfy the monetary eligibility requirements of the Unemployment Compensation Act and was ineligible for unemployment benefits. Thus, the district court properly found the action barred under the *Rooker/Feldman* doctrine." (citation omitted)); *Patterson v. Conn. Dep't of Labor Adm'r*, No. 11-CV-1237, 2012 WL 4484913, at *8 (D. Conn. Sept. 27, 2012).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Plaintiff seeks unemployment benefits that he believes he was entitled to following the termination of his Zam Realty employment – benefits that the Appellate Division ultimately decided, in 2009, however, that he was not entitled to. To the extent that Plaintiff seeks such relief in an effort to request that this Court overturn that final decision of the Appellate Division, the *Rooker-Feldman* doctrine bars this Court from granting him such relief. The Court therefore dismisses any of Plaintiff's claims that essentially challenge the 2009 final decision of the Appellate Division with regard to whether Plaintiff is entitled to unemployment benefits, following the termination of his Zam Realty employment, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

C.   **Supplemental claims against Zam Realty**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed those of Plaintiff's claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of his claims under state law that

remain, including any against Zam Realty. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E.     Warning**

In light of Plaintiff's litigation history in the Appellate Division, and in this court, in *Almanzar I*, the Court finds that Plaintiff was or should have been aware that the *Rooker-Feldman* doctrine prevents this court from reviewing and overturing the 2009 decision of the Appellate Division regarding whether he is entitled to unemployment benefits. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further vexatious or nonmeritorious litigation in this court regarding his entitlement to unemployment benefits following the termination of his Zam Realty employment may result in an order barring him from filing any new civil action in this court regarding his entitlement to unemployment benefits following the termination of that employment, unless he receives leave of the court. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses this action for the reasons set forth above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                       Chief United States District Judge